IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THOMAS ADAMS, | : | |
| Plaintiff, | : | Case No. 3:15cv00127 |
| vs. | : | District Judge Thomas M. Rose<br>Chief Magistrate Judge Sharon L. Ovington |
| MONTGOMERY COUNTY<br>CHILDREN'S SERVICES, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.  Introduction

Plaintiff Thomas Adams, a resident of Dayton, Ohio, brings this case pro se claiming that Montgomery County Children Services and other entities and individuals engaged in illegal activities, "jeopardized" his constitutional rights, and "broke laws, Regulations, of CSB."[2] (Doc. #2, *PageID*# 37).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is presently before the Court for a *sua sponte* review to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] "CSB" refers to Montgomery County Children Services (Children Services).

determine whether his complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 Fed. App'x 558, 559-60 (6th Cir. 2013). "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand,* 526 F.3d at 923. A complaint lacks arguable facts when its allegations are "fantastic or delusional." *Brand,* 526 F.3d at 923 (quoting *Neitzke,* 490 U.S. at 327-28); *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990).

*Sua sponte* review also requires dismissal of an *in forma pauperis* complaint, or any portion of it, that fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state such a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.

II.     **Plaintiff's Complaint**

Plaintiff alleges, "The Agency & Courts abuse the laws they fill [sic: probably "feel"] they are above the laws are above the laws and can do illegal activities to take the children cause its juvenile, not criminal.  To use hearsay, allegations, which have no facts....  I have done nothing to harm my children...." (Doc. #2, *PageID*# 37).  He further alleges that Children Services was never involved in his life until the mother of his children, Elizabeth Marcum, contacted him.  At that point, he alleges, Children Services "stopped all visitations, home visits [sic: possibly, "and did not"] update case since 2009, so they didn't diligently [sic] on reunification process.  Dr. Brumberg changed my scores done by computer to his opi[nion], after caseworkder/& Gal [Guardian ad Litem] gave him the caseplan. " *Id*.

Plaintiff seeks "damages of corruption & willful misconduct of this whole case." *Id*., *PageID*# 38.  He also seeks to compel "the courts to fix the[ir] misjustice, & to make Laws & Regulations to stop this from going on so no one else ha[s] to go thro[ugh] what I had to.  Give me back my property (my children) they was taken from me for no cause, no facts, or proof.  Overwhelming evidence of their illegal activities, they never had a warrant to take my property, to put a child in custody ...." *Id.*

III.    **Analysis**

Plaintiff's complaint does not raise fantastic or delusional facts; it instead raises allegations against an existing entity, Children Services, and various people.  It is

therefore not subject to dismissal as factually frivolous. *See Jones v. Schmaker*, 1999 WL 1252870 at *1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners any access to legal texts. (citing *Lawler*, 898 F. 2d at 1198-99)); *cf. Iqbal*, 556 U.S. at 696 (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.").

Accepting Plaintiff's allegations as true and liberally construing his *pro se* complaint in his favor, the claims he asserts for damages against Magistrate Lenski and Judge Capizzi are barred by absolute immunity. *See Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Absolute immunity applies to their decision to remove Plaintiff's children from his custody even if they made a factual or legal mistake in doing so, and even if their judicial decisions arose from bad faith or malice, or was unconstitutional. *See id*. at 255 ("Once immunity is established for the conduct in question, however, it 'is not overcome by allegations of bad faith or malice ....'"); *see also Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) ("The doctrine of judicial immunity is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'").

As to Dr. Brumberg, the complaint does not identify his role in connection with Plaintiff's custody case or how (or if) Dr. Brumberg was connected to Children Services. Liberally construing Plaintiff's complaint in his favor, his allegations against Dr.

4

Brumberg might indicate that he acted in the role of an expert witness. If this is so, Dr. Brumberg is entitled to absolute immunity. *See Rehberg v. Paulk*, __ U.S.__, __, 132 S.Ct. 1497, 1505 (2012). Assuming in Plaintiff's favor that he seeks to raise a claim against Dr. Brumberg that absolute immunity does not foreclose, the complaint does not raise a reasonable inference that Dr. Brumberg is liable for a violation of Plaintiff's rights. Consequently, the complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

Absolute immunity shields caseworkers Kelli Hampton and Betty Steel. Absolute immunity extends to caseworkers, or social workers, acting in their capacity as legal advocates when they, for example, initiate court action, testify under oath, or submit an affidavit in support of a motion for permanent custody that contains their opinion about what is in the best interest of the child. *Young v. Vega*, 574 F. App'x 684, 688 (6th Cir. 2014) (citing *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (en banc)). Absolute immunity also shields social workers from an allegation that they made a false statement due to their failure to properly investigate a matter. *Young,* 574 F. App'x at 688 (*Rippy v. Hattaway*, 270 F.3d 416, 422-23 (6th Cir. 2001)). In these situations, absolute immunity applies even if the social workers allegedly acted maliciously or corruptly. *Id*. (citing *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs*., 724 F.3d 687, 694 (6th Cir. 2013)). To the extent the complaint may be read to claim that Kelli Hampton and Betty Steel acted as legal advocates in the removal of Plaintiff's children from his

custody, they are shielded by absolute immunity.

Assuming in Plaintiff's favor that he seeks to raise claims against Kelli Hampton and Betty Steel that do not trigger absolute immunity, his complaint fails to identify what either Hampton or Steel did to cause him constitutional injury. The complaint mentions Hampton in one instance (except for providing her name and address) without alleging what she did. The complaint does not mention Steel (except for identifying her as a defendant and stating her address). At best for Plaintiff, the complaint only contains "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations, brackets, and quotation marks omitted). This is insufficient to state a claim that is plausible on its face against Hampton and Steel. *Id*.

Turning lastly to the three entities Plaintiff seeks to sue – Montgomery County Children Services, Montgomery County Juvenile Court, and Montgomery County Prosecutor's Office – each is a branch of the County government and each, therefore, lacks the capacity to be sued (*i.e.*, is not *sui juris*). *See Wilson v. Trumbull Cnty. Dep't of Job & Family Servs.,* No. 4:12CV02163, 2013 WL 5820276, at *3 (N.D. Ohio Oct. 29, 2013) (and cases cited therein); *see also Evans v. Cordray*, No. 2:09-CV-587, 2012 WL 1021698, at *3 (S.D. Ohio Mar. 26, 2012) ("[I]t is not proper to make a court a defendant. Courts are not persons within the meaning of 42 U.S.C. §1983) (citations omitted)); *McGuire v. Ameritech Servs., Inc.*, 253 F. Supp.2d 988, 1015 (S.D. Ohio 2003).

Accordingly, for the above reasons, Plaintiff's complaint is subject to dismissal

under 28 U.S.C. § 1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e)(2);

2. The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal, if any, would not be taken in good faith; and,

3. The case be terminated on the docket of this Court.


August 4, 2015

              s/Sharon L. Ovington
               Sharon L. Ovington
            Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).